IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YUNG-TING SU, | ) | |
| | ) | No. 1:19-cv-07772 |
| Plaintiff, | ) | |
| | ) | District Judge Franklin U. Valderrama |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| LEECHIN SU, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Yung-Ting Su's motion to compel defendant Leechin Su's discovery responses. Dkt. 159. Also before the Court is plaintiff's motion to compel defendant Leadertech's discovery responses. Dkt. 160. These discovery disputes relate to plaintiff's First Set of Interrogatories and First Request to Produce Documents issued to each defendant. For the reasons set forth below, the Court grants in part plaintiff's motion to compel defendant Leechin Su and denies without prejudice plaintiff's motion to compel defendant Leadertech.

**I.     BACKGROUND**

Plaintiff Yung-Ting Su ("plaintiff") is a thirty-three percent shareholder in defendant Leadertech ("Leadertech"). Dkt. 159 at 1. Defendant Leechin Su ("defendant Leechin"), plaintiff's sister, holds the remaining shares and has acted as sole director and president of Leadertech since April 1992. Dkt 143, ¶¶ 9, 12-14. In 2019, plaintiff retained counsel in Illinois to examine her rights as shareholder and demanded Leadertech produce financial and corporate governance records pursuant to the Illinois

Business Corporation Act, 805 ILCS 5/7.75. *Id.* ¶¶ 19-20. Leadertech produced these requested documents in July 2019 ("2019 Production"). *Id.* ¶ 22. Plaintiff believed these documents "showed substantial irregularities in Leadertech's finances" and filed the instant action in November 2019. Dkt. 159 at 2. In summary, plaintiff alleges that defendant Leechin (1) improperly sold Leadertech's building to a defendant Leechin-owned entity called 210 Mittel Dr., LLC ("210 Mittel"); (2) paid herself excessive compensation without distributions to other shareholders or board approval; and (3) diverted Leadertech funds and business to two other defendant Leechin-owned entities: LSI Server Solutions Inc. ("LSI") and Leadertech Los Angeles, LLC ("Leadertech LA"). *Id.* In August 2020, Leadertech retained Morris Anderson, a business management consultant firm, to conduct a solvency analysis. *Id.* In September 2020, Morris Anderson provided plaintiff with documents related to that analysis ("Morris Anderson Production"). *Id.* at 2-3.

      **A.**    **Written Discovery Between Plaintiff and Defendant Leechin.**

On June 2, 2021, plaintiff issued her First Set of Interrogatories ("Interrogatories") and First Request to Produce Documents ("RFPs"). Dkt. 159 at 3. Defendant Leechin initially responded on July 2, 2021; plaintiff found the responses deficient. *Id.* at 4. The parties met and conferred, and defendant Leechin agreed to review and potentially supplement her responses by August 13, 2021. *Id.* Having received no supplementation, plaintiff filed a motion to compel on August 31, 2021. *Id.* As a result of that motion, this Court ordered defendant Leechin to provide supplemental responses by September 16, 2021, Dkt. 94. Defendant Leechin provided

her supplemental objections and responses on September 22, 2021, Dkt. 159 at 4, which plaintiff found deficient. The Court then stayed discovery from April 11, 2022, to May 9, 2023, due to defendant Leechin's pending motion to dismiss.[1] *Id*. at 4-5. After the Court lifted the stay, plaintiff filed the instant motion.

For most of the disputed Interrogatories, defendant Leechin refers plaintiff to the 2019 Production, the Morris Anderson Production, and documents related to four California state court cases involving the estate and trust of the parties' father, A-Yung Su ("California Documents"). Dkt. 159, Ex. D at 17-80. Regarding the RFPs in dispute, defendant Leechin lodged objections and referred plaintiff to the 2019 Production, the Morris Anderson Production, the California Documents, a trove of documents located in a storage locker in Lombard, IL ("Storage Documents"), and a computer server containing electronically stored information ("Server ESI"), which defendant Leechin claims are responsive to plaintiff's requests. *Id.*, Ex. G at 2-15.

### B.     Written Discovery Between Plaintiff and Leadertech.

On June 2, 2021, plaintiff issued her Interrogatories and RFPs to Leadertech. Dkt 160 at 3. Leadertech failed to answer by the July 2, 2021 deadline, requesting a 14-day extension to respond, to which plaintiff agreed. *Id.* Leadertech again failed to respond, resulting in plaintiff filing a motion to compel. This Court granted that motion and ordered Leadertech to respond by September 16, 2021. Dkt. 89, 93. Leadertech responded to plaintiff's discovery requests on September 16, 2021, lodging several objections and referring plaintiff to the 2019 Production, the Morris Anderson

---

[1] The Court denied defendant's motion to dismiss on May 9, 2023, and lifted the discovery stay. Dkt. 140.

Production, and the Storage Documents. Dkt. 160, Ex. D; Ex. E. Dissatisfied with Leadertech's responses, plaintiff filed a motion to compel on October 29, 2021. Dkt. 118. The Court then stayed discovery from April 11, 2022, to May 9, 2023, given defendant Leechin's pending motion to dismiss. Dkt. 160 at 4-5. After the Court lifted the stay, plaintiff refiled the instant motion.

## II.  Legal Standard

Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 924 (N.D. Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018). A party may compel discovery under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request, or when its response is insufficient. Fed. R. Civ. P. 37(a). "The objecting party carries the burden of showing why a particular discovery request is improper." *LKQ Corp. v. Kia Motors Am., Inc.*, No. 21 C 3166, 2023 WL 3455315, at *1 (N.D. Ill. May 15, 2023). "The burden is not satisfied by a reflexive invocation of the same baseless, often abused litany that the requested discovery is

4

vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Osada v. Experian Info. Sols., Inc.*, 290 F.R.D. 485, 494 (N.D. Ill. 2012) (quoting *Burkybile v. Mitsubishi Motors, Corp.*, No. 04–C–4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006).

### III. Plaintiff's Motion to Compel Defendant Leechin's Discovery Responses

#### A. Defendant Leechin Shall Supplement her Answer to Interrogatory No. 8.

**Interrogatory No. 8**: Identify and describe all of Leechin's sources of income.

**Answer**: Leechin objects to Interrogatory #8 as it is overly broad, unduly burdensome, not relevant to Plaintiff's claims or defenses, and is outside the scope of the discovery permitted by Federal Rule of Civil Procedure 26(b)(1). Notwithstanding and without waiving said objections, Leechin states that, in the last 10 years, she received income from the following entities: (1) [Leadertech]; (2) [210 Mittel]; (3) [Leadertech LA]; (4) [LSI]; (5) the company in Taiwan that is the subject of the California litigation; and (6) various financial institutions. The income received includes W-2 compensation, Form K-1 income/losses, and interest and ordinary dividend income.

Dkt. 159, Ex. F at 2. Plaintiff contends this answer is deficient, because defendant Leechin did not provide information regarding possible "interest earnings from loans allegedly made to Leadertech, wage and profit distributions from [210 Mittel, LSI, and Leadertech LA], and the existence of additional shadow entities." Dkt. 159 at 6. Interrogatory No. 8 neither requests such information nor requires it. Defendant Leechin's answer—for the most part—is sufficiently responsive. Plaintiff asked for defendant Leechin's sources of income and descriptions thereof, and that is what she

5

provided. However, defendant Leechin only cites "various financial institutions" as a source of income. Based on plaintiff's request to identify and describe *all* sources of income, defendant Leechin must identify the specific financial institutions from which she received income.

### B. Defendant Leechin Shall Supplement her Answers to Interrogatory Nos. 3-7.

**Interrogatory Nos. 3-6**: Identify and describe any and all other transactions Defendant engaged in with [3: Leadertech; 4: 210 Mittel; 5: LSI; 6: Leadertech LA].

**Answer**: Pursuant to Federal Rule of Civil Procedure 33(d), Leechin states that the Answer to Interrogatory [Nos. 3-6] can be determined by examining the [2019 Production and the Morris Anderson Production], which are already within Plaintiff Yung-Ting Su's possession.

**Interrogatory No. 7**: Describe in detail Defendant's basis for claiming A-Yung Su transferred 20,000 shares in Leadertech in 2012.

**Answer**: Leechin refers Plaintiff Yung-Ting, to the [California Documents] which include discovery and pleadings therein; to wit, BC634213, 19STPB10423, BC571816, and BP1397111.

Dkt. 159, Ex. D. at 17 – 64, 80. Defendant Leechin's answers also include tables listing several documents already produced. Plaintiff argues the blanket references to these documents are improper and non-responsive.

Rule 33(d) provides that the responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. Rule 33(d)(1). "Invocation of the Rule requires first that the information actually be obtainable from the documents." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325-26 (N.D. Ill. 2005). When the responding party produces business records pursuant

6

to Rule 33(d), the burden rests on the moving party to demonstrate that those records insufficiently answer the discovery request. *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005). "If the moving party persuades the court, the burden shifts to the producing party to justify the use of business records in lieu of answers." *Id.*: *see also Data Mgmt. Ass'n Int'l v. Enter. Warehousing Sols., Inc.*, No. 20 C 04711, 2022 WL 16856414, at *10 (N.D. Ill. Nov. 10, 2022) (shifting the burden to responding party upon a showing its answers were inadequate).

Plaintiff has persuaded the Court that the records defendant Leechin identified do not sufficiently answer Interrogatory Nos. 3-7. Plaintiff successfully argues "[t]hose documents do not identify and describe *all transactions* Leechin engaged in with Leadertech," 210 Mittel, LSI, and Leadertech LA. Dkt. 159 at 6. For example, plaintiff states "[t]here are a few documents evidencing purported loans from Leechin to Leadertech," but "no documents indicating any sums of money that [d]efendant Leechin may have received from Leadertech," 210 Mittel, LSI, or Leadertech LA in return. *Id*.

In response, defendant Leechin claims her counsel "made the extensive effort of creating a [fifteen-page] table of bate-stamped documents from Leadertech and the Morris Anderson Production," which "identifies all of the information produced that is responsive to the Interrogatories." Dkt. 166 at 4-5. While these records may answer part of the interrogatories, these documents are not the *only* way to respond. The absence of documents evidencing loan repayment suggests other documents—perhaps from prior productions, perhaps not—are outstanding. Although defendant Leechin

7

may have justified the use of these records in responding to plaintiff's interrogatories, she has not demonstrated she has produced *all* documents that may be responsive. For defendant Leechin to rely solely on her prior productions, she must certify she has no other responsive information, whether in document form or otherwise.

For Interrogatory No. 7, defendant Leechin's answer refers plaintiff to the California Documents. Although defendant Leechin does not explicitly invoke Rule 33(d), it appears she places reliance on that provision in referring plaintiff to these documents. However, Rule 33(d) only concerns a "party's business records." Fed. R. Civ. P. Rule 33(d). The California Documents are court documents, which are not business records and fall outside the scope of Rule 33(d). *See Culp v. Reed*, No. 1:19cv106, 2021 WL 1827350, at *2 (N.D. Ind. May 7, 2021) (citing Jay E. Grenig & Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery & Disclosure* § 8:24 (4th ed. 2020)) ("[Rule] 33(d) applies only to business records, and not to court papers, such as pleadings and deposition transcripts."). Therefore, defendant Leechin must respond to Interrogatory No. 7 in narrative form.

    **D.**    **Defendant Leechin Shall Supplement her Response to RFP Nos. 5-6.**

**RFP No. 5**: Produce all communications between Defendant and anyone other than employees of Huck Bouma and Lyons Law Group regarding this case.

**RFP No. 6**: Produce all documents regarding or reflecting communications between Defendant and any third party regarding the transfer of Leadertech shares.

**Response**: See all documents produced in the California litigation, which are already within Plaintiff Yung-Ting Su's possession. Investigation continues.

8

Dkt. 159, Ex. E at 2-3. Plaintiff claims the California Documents are not responsive, stating she fails to "understand how or why all communications Leechin has had regarding *this case* would have been produced in the California [c]ases." Dkt. 159 at 7. Defendant Leechin responds in a conclusory manner: "[i]f Leechin referred to the California litigation, that means that responsive documents can be found in the pleadings and documents exchanged by the parties to that litigation." Dkt. 166 at 5. Defendant Leechin's flippant answer does not provide a reasonable basis on which to evaluate whether the California Documents—which were produced in cases concerning the estate and trust of the parties' father—are responsive. Further, even if the California Documents indeed contain communications regarding the instant case and the transfer of Leadertech shares, defendant Leechin has not demonstrated the documents contain *all* those communications. Defendant Leechin must supplement her answer to RFP Nos. 5 and 6. For defendant Leechin to rely solely on the California Documents, she must certify that no further responsive materials exist.

### E. Defendant Shall Provide Full Responses to RFP Nos. 7-11, 24, and 25.

**RFP No. 7**: Produce all of Defendant's state and federal tax returns, including full schedules.

**RFP No. 8-11**: Produce all communications between Defendant and any person or entity, including but not limited to any accountant, CPA, or tax preparer, regarding Defendants' personal taxes or finances as they relate to [8: Leadertech; 9: 210 Mittel; 10: LSI; 11: Leadertech LA].

**RFP No. 24**: Produce all of Defendant's statements for deposit accounts including bank, checking, savings, money market, and similar accounts.

**RFP No. 25**: Produce all of Defendant's statements for financial or investment accounts.

>**Response**: Leechin objects to Request [#7 - #11, #24, and #25] as it is meant to harass Leechin, for the parties had just entered into a settlement agreement dismissing with prejudice all four pending California matters and Yung-Ting seeks information about claims that are barred by one or more legal doctrines as noted in the Preliminary Statement. Leechin also objects to Request [#7, #24, and #25] because it is not relevant to Plaintiff's claims or defenses and is outside the scope of the discovery permitted by Federal Rule of Civil Procedure 26(b)(1). Leechin also objects to Request [#7, #24, and #25] on the grounds that it is overly broad and unduly burdensome and the burden of producing Leechin's personal financial returns outweighs the needs of this case in light of the thousands of pages of corporate and financial documents that already have been provided to Plaintiff and therefore are already in Plaintiff's possession. Said corporate and financial documents include, by way of example only, all of the tax documents for [Leadertech] (2009-2019), [Leadertech LA] (2007-2019), and [LSI] (2007-2019), as well as the Morris Anderson report that thoroughly addresses all of these entities, as well as [210 Mittel] in relation to Leechin. *See generally Johnson v. Soo Line Railroad Co.*, 2019 WL 4037963 (N.D. Ill., 2019). Finally, the production of personal financial records sought under this Request would impair and violate her rights to privacy afforded by the Illinois Constitution. See Ill. Const. 1970, Art. I, §6. Investigation continues.

Dkt. 159, Ex. G at 2-3, 13-15. Plaintiff requests defendant Leechin's financial information to investigate her possible misuse of corporate funds. Defendant Leechin first argues her personal financial information is irrelevant "because the corporate tax returns already in [plaintiff's] possession show all of the information she is requesting, i.e., the amount of compensation or distributions that Leechin took from Leadertech and the various other entities." Dkt. 166 at 5-6. Defendant Leechin's claim of irrelevance is unpersuasive. This case concerns allegations of shareholder oppression and breach of fiduciary duty, both of which concern the misappropriation of corporate assets. In such cases, it is possible that corporate tax records would not wholly reflect the compensation awarded to a defendant; in fact, for one to successfully misappropriate funds, corporate financial statements would likely need to be altered, making the corporate tax records unreliable representations of the company's finances.

*See Parks v. Miller*, No. 18-3244, 2020 WL 12813969, at *3 (C.D. Ill. Mar. 31, 2020) (finding personal tax returns discoverable despite moving party's possession of corporate financial records because the responding party "did not provide the Court with any assurance that [the records] were accurate."). Obtaining defendant Leechin's personal tax returns, bank records, and investment records would allow plaintiff to compare them with the tax returns of Leadertech, 210 Mittel, LSI, and Leadertech LA to potentially uncover any misapplication of funds. Further, defendant Leechin's financial records would show the aggregate compensation she received from Leadertech and are relevant to the damages sought. *See Levy v. Markal Sales Corp.*, 268 Ill.App.3d 355, 373 (Ill. App. 1st Dist. 1994) ("Illinois law permits a complete forfeiture of any salary paid by a corporation to its fiduciary during a time when the fiduciary was breaching his duty to the corporation.").

Defendant Leechin further argues she need not produce her personal tax returns because she "has not put her income at issue in this matter."[2] Defendant Leechin is correct that courts have consistently compelled the production of personal tax returns where a litigant has "put the level and sources of his income at issue." *See Poulous v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th. Cir. 1992); *see, e.g.*, *Johnson v. Soo Line Railroad Co.*, 17 C 7828, 2019 WL 4037963, at *2-3 (N.D. Ill. Aug. 27, 2019). However, putting one's income at issue is not a necessary condition of production; personal tax

---

[2] Defendant Leechin also argues that the Illinois Constitution's privacy clause and prohibition against unreasonable searches and seizures preclude production of her personal financial information. This argument is unpersuasive. The cases defendant Leechin cites all involve government action, be it state or federal. There is a plethora of cases in this circuit where courts have compelled the production of personal tax returns, bank records, and other financial information in the absence of government action.

11

returns are not privileged, and no such waiver is required. *Poulos,* 959 F.2d at 74 ("Tax returns in the hands of a taxpayer are not privileged."). "Rather, this information is subject to discovery under the proper analysis prescribed by Federal Rule of Civil Procedure 26(b)(1)." *Johnson*, 2019 WL 4037963, at *1; *see also Parks*, 2020 WL 12813969, at *4 (discoverability of tax returns is subject to a Rule 26(b)(1) analysis). The Court must decide "whether the information in the returns is relevant to either party's claim or defense and proportional to the needs of the case." *Parks*, 2020 WL 12813969, at *4.

The tax returns are relevant, as set forth above. The Court turns to proportionality and must consider the "burdens [that] might be imposed by an order compelling production of [the non-moving party's] tax returns" as compared to the likely benefit resulting from their production. *Johnson*, 2019 WL 4037963, at *2. Additionally, the Court "weigh[s] [the moving party's] need for the returns with the burden that compelled production of income tax returns may impose on voluntary self-reporting of income under our tax system." *Id.* at *3.

The benefit of defendant Leechin's personal tax returns is clear: discrepancies in compensation between her returns and the corporate returns are relevant to plaintiff's claims of corporate misfeasance. Defendant Leechin's personal financial records, which would allow for a calculation of net worth, are also vital to the calculation of the punitive damages plaintiff seeks. *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 229655, at *2 (N.D. Ill. Jan. 22, 2021) ("there is no dispute—nor could there be—that the defendants' financial information is relevant to the issue of

punitive damages"); *see also Challenge Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *3 (N.D. Ill. Nov. 9, 2001) ("there can be no doubt that net worth is discoverable . . . as it regards . . . plaintiff's punitive damages claim."). While the burden plaintiff's requests place on defendant Leechin is quite high—plaintiff asks for all her personal financial records, including state and federal tax returns, from 1992 onward—plaintiff has established the relevancy of this time period. Defendant Leechin has been the sole director and president of Leadertech since its incorporation in April 1992 and has owed fiduciary duties ever since. Dkt. 143, ¶¶ 9, 12-14.

Due to the sensitive nature of personal tax returns, along with "the burden that compelled production of income tax returns may impose on voluntary self-reporting of income," defendant Leechin shall produce her tax return information under an attorneys' eyes-only designation. *See Breuder*, 2021 WL 229655, at *3 (confidentiality order designating personal tax and financial information for attorneys' eyes only sufficiently protected privacy concerns); *Challenge Aspen*, 2001 WL 1403001, at *3 (attorney's eyes-only designation for personal tax and financial information "strikes a proper balance between plaintiff's right to discover relevant information and the defendants' confidentiality interests."). The parties shall meet and confer to draft a confidentiality order that specifically contemplates the production of defendant Leechin's personal tax and financial information under an attorneys' eyes-only designation.

RFP Nos. 8-11 request communications between defendant Leechin and any person or entity regarding her personal taxes or finances as they relate to Leadertech,

13

210 Mittel, LSI, and Leadertech LA. In addition to reiterating her objections to RFP Nos. 7, 24, and 25, defendant Leechin argues that plaintiff should search the Storage Documents and Server ESI for responsive documents. *See* Dkt. 159, Ex. G at 3-8. As further explained below, defendant Leechin's offer of access to the Storage Documents and Server ESI is insufficient. For the reasons above, defendant Leechin's personal taxes and finances are relevant, and communications regarding that information are discoverable and must be produced.

### F. The Parties Shall Meet and Confer Regarding the Storage Documents and the Server ESI as they Relate to RFP Nos. 12-22.

**RFP No. 12-15**: Produce all documents regarding agreements between Defendant and [12: Leadertech; 13: 210 Mittel; 14: LSI; 15: Leadertech LA.]

**RFP No. 16-19**: Produce all documents regarding, or reflecting, Defendant's receipt of anything of value including loans from [16: Leadertech; 17: 210 Mittel; 18: LSI; 19: Leadertech LA].

**RFP No. 20-22**: Produce all documentation of funds Defendant contributed to [20: Leadertech; 21: 210 Mittel; 22: LSI] including but not limited to invoices, receipts, bank statements, and check images.

Dkt. 159 at 11-12. In response to RFP Nos. 12-22, defendant Leechin merely refers plaintiff to various sets of or all the following produced documents: the 2019 Production, the Morris Anderson Production, the California Documents, the Storage Documents, and the Server ESI. Dkt. 166 at 8-9; Dkt. 159, Ex. G at 8-13. Additionally, regarding RFP Nos. 20-22, defendant Leechin renews her objections regarding the production of her personal financial information.[3]

---

[3] As stated above, defendant Leechin's objections regarding the production of her personal financial information are overruled. The parties shall meet and confer regarding the information to be designated for attorneys' eyes-only.

14

In her motion, plaintiff argues that the 2019 Production, the Morris Anderson Production, and the California Documents are not fully responsive because (1) defendant Leechin does not definitively state whether these productions contain *all* the requested documents and (2) these productions do not contain documents from certain of the requested categories. Neither argument, standing alone or together, forms a basis for the Court to order defendant Leechin to produce additional documents from the referenced productions or otherwise. Further, plaintiff's latter argument fails because it presumes that responsive material indeed exists outside the referenced productions without any basis presented to this Court to support that belief. Accordingly, on this record, the Court will order only that defendant Leechin identify by bates-number the produced documents she believes are responsive to each RFP.

Setting aside whether the 2019 Production, the Morris Anderson Production, and the California Documents fully respond to RFP Nos. 12-22, neither party has searched the Storage Documents or the Server ESI for responsive documents. Defendant Leechin's argument that plaintiff alone must scour these two sources for responsive documents is insufficient and unproductive, as these sources presumably contain vast amounts of material, only some of which may be responsive to plaintiff's requests. Regarding the Storage Documents, the Court orders the parties to meet and confer to negotiate a reasonable method to efficiently review the boxes in storage for responsive documents and to equally share the costs of doing so. *See Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 412-13 (N.D. Ill. 2007) (ordering the parties to review storage boxes together and share the costs to "encourage the parties

15

to come up with a discovery plan that is both time and cost efficient."). Regarding the Server ESI, the parties are likewise ordered to meet and confer regarding the most efficient methods of retrieving electronic documents responsive to plaintiff's requests. Negotiated agreements regarding ESI production, *e.g.*, number of custodians, search term combinations, etc., are standard in modern discovery practice. The Court expects the parties to work cooperatively and expeditiously in determining how to best proceed with ESI discovery.

**IV.     Plaintiff's Motion to Compel Leadertech's Discovery Responses.**

Plaintiff's discovery requests seek Leadertech's communications, transactions, and agreements with defendant Leechin and entities 210 Mittel, LSI, and Leadertech LA, along with Leadertech's financial records. *See* Dkt. 160 Ex. B, Ex. C. In response, Leadertech—like defendant Leechin—variously refers plaintiff to the 2019 Production, the Morris Anderson Production, the California Documents, the Storage Documents, and the Server ESI. Again, plaintiff argues that the 2019 Production, the Morris Anderson Production, and the California Documents are not fully responsive to plaintiff's requests. To the extent Leadertech asserts these productions respond to plaintiff's discovery requests, it shall identify by bates-number the produced documents it believes are responsive to each request. Further, the parties have yet to review the Storage Documents and the Server ESI, which, according to Leadertech, contain its business and accounting records. As stated above, the parties are directed to meet and confer regarding the Storage Documents to negotiate a reasonable method to efficiently review the boxes in storage for responsive documents, and to equally share the costs of

doing so. Regarding the Server ESI, the parties are again ordered to meet and confer regarding the most efficient methods of retrieving electronic documents responsive to plaintiff's requests. These two sources must be searched for responsive documents before the Court compels any discovery from Leadertech. Accordingly, plaintiff's motion to compel Leadertech's discovery responses is denied without prejudice.

## V.    CONCLUSION

For the reasons stated above, plaintiff's motion to compel defendant Leechin is granted in part and plaintiff's motion to compel Leadertech is denied without prejudice. By August 23, 2024, the parties are to confer and develop a collaborative strategy to review the Storage Documents and the Server ESI. By September 9, 2024, the parties shall file a joint status report updating the Court as to this strategy and setting forth a proposed timeline in which the Storage Documents and Server ESI will be reviewed. The joint status report shall also indicate whether, in light of this order, defendant Leechin and defendant Leadertech's motions to quash third-party subpoenas, Dkts. 171 and 180, are moot.

**So Ordered.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**