**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YUNG-TING SU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEECHIN SU and LEADERTECH SYSTEMS OF CHICAGO, INC.,<br><br>　　　　Defendants. | No. 19-cv-07772<br><br>Judge Franklin U. Valderrama |

**ORDER**

　　Before the Court is Plaintiff/Counter-Defendant Yung-Ting Su's (Yung-Ting) Motion to Dismiss Defendants/Counter-Plaintiffs Leechin Su's (Leechin) Counterclaim under Federal Rule of Civil Procedure 12(b)(6).[1] R. 185,[2] Mot. Dismiss. For the reasons set forth below, Yung-Ting's motion is denied.

　　The Court first addresses Yung-Ting's argument that certain counterclaims must be pled derivatively. According to Yung-Ting, Defendant Leadertech Systems of Chicago, Inc. (Leadertech) suffered the harm alleged in the counterclaims—not Leechin individually. Thus, Yung-Ting argues, the counterclaims are derivative claims, and "Leechin lacks standing to assert it in her individual capacity." Mot. Dismiss at 7. The Court finds this argument underdeveloped. That is, Yung-Ting's argument is conclusory, as it fails to cite any allegations demonstrating that the harm alleged in the counterclaim was indeed only suffered by Leadertech. Accordingly, this argument is waived. *See Lewis v. Mills*, 677 F.3d 324, 332 (7th Cir. 2012) ("Unsupported and underdeveloped arguments are waived.") (cleaned up); *see also Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("conclusory analysis will be construed as waiver") (cleaned up).

---

[1] Plaintiff/Counter-Defendant Yung-Ting Su and Defendant/Counter-Plaintiff Leechin Su share the same last name. In their briefing, the parties thus refer to themselves by their first names. For ease of exposition, the Court does the same.

[2] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

As to Yung-Ting's contention that the counterclaim fails to plausibly assert claims for fraud, breach of fiduciary duty, shareholder oppression and breach of contract, the Court disagrees. Accepting all well-pleaded allegations in the counterclaim as true and drawing all reasonable inferences in favor of Leechin, *Cozzi Iron & Metal, Inc., v. U.S. Off. Equip, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001), the Court finds that Leechin has plausibly asserted claims for fraud, breach of fiduciary duty, shareholder oppression and breach of contract.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Federal Rule of Civil Procedure 8, a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Yung-Ting does not meaningfully challenge whether Leechin has adequately pled her claims but instead cherry-picks a handful of allegations and claims these allegations are inadequate through a series of conclusory arguments bereft of legal authority. For example, in arguing that Leechin failed to properly plead a claim for breach of contract, Yung-Ting states that her "refusal to attend or call meetings . . . does not necessarily equate to a breach," arguing that the absence of "specific provisions in the Bylaws requiring mandatory attendance or actions" means those "obligations are likely to be considered directory rather than mandatory." Mot. Dismiss 11–14. But Yung-Ting fails to cite any legal authority in support of this proposition and repeats that failure throughout her motion. *See also* Mot. Dismiss at 7 (arguing, without legal support, that Yung-Ting's allegedly fraudulent statements are not fraudulent; Mot. Dismiss at 8 (arguing, without legal support, that certain actions do not amount to a breach of fiduciary duty); Mot. Dismiss at 11 (arguing, without legal support, that Leechin's allegations regarding wasted assets are insufficient).

In sum, Yung-Ting's arguments are largely undeveloped and unsupported, and do not persuade the Court that Leechin has failed to state her claims. Accordingly, Yung-Ting's motion to dismiss, R. 185, is denied.

Date: July 21, 2025  _____
United States District Judge
Franklin U. Valderrama